**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Elsa Marlene Trejo de Orellana; Dustin Alexander Orellana Trejo,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>　　　　　Respondent. | No. 21-1073<br><br>Agency Nos.　A215-998-884<br>　　　　　　　A215-998-885<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2023
Pasadena, California

Before: LEE, BRESS, and MENDOZA, Circuit Judges.

Elsa Marlene Trejo de Orellana, and her son, Dustin, natives and citizens

of El Salvador, petition for review of a Board of Immigration Appeals ("BIA")

order denying their motions to reopen and to reconsider. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review de novo questions of law, including

claims of due process violations due to ineffective assistance of counsel.

*Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BIA's denial of Petitioners' motions to reopen and to reconsider for abuse of discretion. *Id.* at 791. We deny the petition for review.

1. Petitioners waived their challenge to the BIA's denial of their motion to reopen by failing to argue it in their briefs. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

2. Regarding Petitioners' motion to reconsider, the BIA did not abuse its discretion in reaffirming its prior decision that Petitioners failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) ("We presume, as a general rule, that the [BIA] does not abuse its discretion when it obligates petitioners to satisfy *Lozada*'s literal requirements."); *see also Tamang v. Holder*, 598 F.3d 1083, 1090–91 (9th Cir. 2010) (finding failure to satisfy *Lozada*'s requirements fatal to an ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record). At minimum, Petitioners failed to provide an affidavit "that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard." *Matter of Lozada*, 19 I. & N. Dec. at 639. Moreover, in Petitioners' initial motion to accept a late-filed notice of appeal, Petitioners acknowledged the need to file proof of a bar complaint yet failed to file any documentation with the BIA of such a complaint. It was not until filing the motions to reopen and to reconsider that Petitioners' counsel attempted to demonstrate

2                                                                                            21-1073

compliance, attaching photocopies of an envelope and postal receipts addressed to the State Bar of California as an exhibit to the motions. Even then, Petitioners did not submit evidence of the complaint itself. For these reasons, Petitioners have not substantially complied with *Lozada*.

The requirements of *Lozada* may be excused when the ineffectiveness of counsel is "obvious and undisputed on the face of the record." *Reyes*, 358 F.3d at 597. However, we apply this exception only in "particularly egregious" cases—where the ineffective assistance was "obvious." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525–26 (9th Cir. 2000). That is not the case here. The record shows that Petitioners' second counsel informed Petitioners, in a letter signed by the lead Petitioner, that counsel was unable to file the Notice of Appeal because Petitioners had failed to provide their A-Numbers or a copy of the IJ's decision. In the moving papers before the BIA and this court, Petitioners (by way of their fourth counsel) have not provided an affidavit refuting or explaining second counsel's letter. It is not obvious from the record that Petitioners' second counsel was ineffective in not filing the notice of appeal.

The temporary stay of removal remains in place until the mandate issues. The motion for clarification, ACMS No. 38, is denied as moot.

**PETITION DENIED.**